IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOELAUNDA CASTILLANOS, INDIVIDUALLY And AS NEXT FRIEND OF J.C. and J.C., MINOR CHILDREN §§§§ Plaintiff,  § | | |
| § | CAUSE NO. _____ | |
| v. § § | | |
| NAHUEL FAIURA, Individually, TODD HENSON, Individually, MICHAEL MACUGA, Individually, TWO UNNAMED HOUSTON POLICE OFFICERS THE HOUSTON POLICE DEPARTMENT and CITY OF HOUSTON §§§§§§ Defendants.  § | JURY TRIAL DEMANDED | |

**PLAINTIFFS' ORIGINAL COMPLAINT**
**UNDER CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

COMES NOW, Joelaunda Castillanos, Plaintiff in her individual capacity and as next friend of her minor children, J.C. and J.C.in the above-styled and numbered cause, and files this action against Defendants, City of Houston Police Officers Nahuel. Faiura, Todd Henson, and Michael Macuga, two unnamed Houston Police Officers responding to this scene, the Houston Police Department, and the City of Houston. In support of this claim, Plaintiff would show as follows:

**PARTIES TO THE SUIT**

1. Plaintiff, in this case, is Joelaunda Castillanos, a resident of Houston, Harris County, Texas. She is the surviving spouse of the decedent, Marine Corps Veteran, Joe Castillanos and brings this suit in her Individual capacity as well as Next Friend of J.C. and J.C. The last three digits of her Social Security Number are 226.

2. Defendant, Nahuel Faiura, was an officer with the Houston Police Department at the time of this offense, was terminated or forced to resign and is now believed to be employed by the Harris County Sheriff's Department. Defendant Nahuel Faiura is sued individually

and who may be served at the Department Headquarters at 1200 Travis St., Houston, Texas 77002.

3. Defendant, Todd Henson, was an officer with the Houston Police Department at the time of this incident and is sued individually. Defendant Todd Henson may be served at the Department Headquarters at 1200 Travis St., Houston, Texas 77002.

4. Defendant, Michael Macuga, was an officer with the Houston Police Department at the time of the incident and is sued individually. Defendant Michael Macuga who may be served at the Department Headquarters at 1200 Travis St., Houston, Texas 77002.

5. Defendants 2 unnamed Houston Police officers will be identified and may be served with process by and through the Department Headquarters at 1200 Travis St., Houston, Texas 77002.

6. Defendant, the Houston Police Department, is a municipality and may be served by or through the Chief of Police at the Department Headquarters at 1200 Travis St., Houston, Texas 77002.

7. Defendant, the City of Houston may be served at the City of Houston Legal Department, 900 Bagby, 4th Floor, Houston, Texas 77002.

## JURISDICTION AND VENUE

8. Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. §1983, to redress the deprivation of rights, privileges and immunities guaranteed to decedent Joe Castillanos, by constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas.

9. Venue is proper in this court because the causes of action occurred within the Southern District of Texas.

## FACTS

10. On May 25, 2020, Memorial Day, 911 was called to give mental health assistance to Joe Castillanos by his wife, Plaintiff, Joelaunda Castillanos. At that time Mrs. Castillanos was sitting in a car with her kids, outside of the family's home in which they lived. Mr. Castillanos was walking on the sidewalk holding a pistol to his own head. When Plaintiff called 911, she explained to them that her husband was a Marine Corps Veteran and had Post Traumatic Stress Disorder. She told them that her husband was not a threat to others. He was suicidal. She advised that she merely needed help "talking him down." Instead of helping Mr. Castillanos or arresting him, they shot him in front of his children and his wife. Then they refused to offer medical assistance to him and thus, he died. They nearly shot Plaintiff and the kids with their bullets whizzing past them.

11. Joe Castillanos was a former U.S. Marine who served in Iran and Afghanistan and suffered from PTSD. At the time of the shooting, he had been employed as a U.S. Postal Carrier for 13 years. On the day of the shooting, Joe Castillanos become suicidal. He suffered from survivor's remorse due to the death of friends in battle.

12. After speaking to her husband's brother and sister, they recommended that Mrs. Castillanos call 911 for help. When she called 911, she informed the operator that her husband was a Veteran who suffered from PTSD. Despite being informed that Joe Castillanos was a Veteran suffering from PTSD, and the fact that it was Memorial Day, a common trigger for Veterans with PTSD, the officers who showed up at the address, immediately began to shout and scream at Mr. Castillanos, using profanities with their guns drawn. When Mr. Castillanos saw the officers, he immediately turned his back away from the officers and slowly started walking away from the officers towards his house. He did not engage them in spite of their barrage of shouts and explicatives and attempts to incite him to anger.

13. Mr. Castillanos kept the gun at his side pointed toward the ground as Mr. Castillanos walked

Away. The officers charged at Castillanos, shouting profanities at him, chasing him with their guns drawn, Video shows Castillanos was still calm and not running.

**14.    One of the officers was in such a hurry that twice he forgot to put the police vehicle in park. He jumped out running with his gun drawn and was the first to confront Mr. Joe Castillanos. From the moment this particular officer got out of the vehicle, he never once tried to hide behind another vehicle. Instead, he barely missed being hit between two vehicles. The officer did not stop coming for Mr. Castillanos until he (Castillanos) was lying on the ground bleeding and motionless.**

**15.    Marine Joe was executed by HPD officers during his mental health crises. They goaded him into raising his weapon after having discharged their own and after having chased him while already in a dazed stupor.**

16. At no time did any of the officers use any of the training they had received regarding mental health and veterans or crisis intervention calls to try and talk to Mr. Castillanos and de-escalate the situation. The officers never attempted to use a taser or any other non-lethal means to try and control the situation, even when Mr. Castillanos' back was turned to them. The officers further didn't appear to care or consider that the children and his wife were just a few feet away from Mr. Castillanos when they shot and killed him. They increased the level of stress and tension in the situation.

17. HPD and 911 failed to dispatch crisis intervention personnel to de-escalate the situation; failed to wait for professionals to arrive; and failed to even protect the woman and children who stood between their gunfire and veteran Castillanos. They charged at a known Marine Corps war veteran while he was visibly not consciously present.

18. The officers also did not appear to care or listen to the screams of his wife not to shoot him, that "He is a veteran," that "He just needs help!" His wife screamed at the officers the entire time to no

avail. The officers just continued to shout and curse at Mr. Castillanos. Within two or three minutes of arriving at the scene in response to my 911 call for help, the officers had killed the veteran, Mr. Castillanos. The officers then refused to offer medical aid to Mr. Castillanos. Five officers were at the scene, one of the officers was a female. The police simple executed this veteran in the presence of his wife and children who only sought help. Mr. Castillanos had never harmed his children nor his wife, nor had he ever harmed anyone, except possibly in the protection of this county.

## STATEMENT OF CLAIM

**Claim Number 1**: *Plaintiff was deprived of his 14th Amendment Right to Due Process and Equal Protection of the Laws when Defendants knowingly and intentionally violated his 8th Amendment Right to be free from Cruel and Unusual Punishment in their treatment of Joe Castillanos and in response to Plaintiff's call for help for Mr. Castillanos.*

19. The 14th Amendment provides that no state shall deprive any person of life, liberty, or property without due process of the law. [U. S. Constitution, Amendment 14]. The 8th Amendment provides that as protection for prisoners against the arbitrary actions of prison officials: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." [ U.S. Constitution, Amendment 8].

20. In this case, the officers named in this lawsuit, used excessive force against the former U.S. Marine Corp War Veteran who had been having a mental crisis. Mr. Castillanos needed a little time and a discussion to put his gun down. He had not pointed his gun at anyone, and the police were called to talk him down, not to gun him down. These officers managed this situation wrong, and they did so in front of his daughters and his wife. Plaintiff was subjected to cruel and unusual punishment.

**Claim Number 2 Bad Faith Harm Analysis:** *The harm here is evident. Throughout this complaint, Plaintiff has provided ample reasons and/or factual allegations that show the Defendants clearly caused his injury, pain, and sufferings, through their deliberate, intentional, and purposeful acts of causing Plaintiff's death and knowing that such a death could have been prevented; and would not have taken place were it not for the Houston Police officers acting with the intent to kill Mr. . Castillanos.*

21. These police officers never attempted to talk Mr. Castillanos down from his apparent break down. Never attempted to reason with him. This was the reason they were called, not to kill Mr. Castillanos. The entire reason she called the police was that the police were said to be skilled at talking to people and having them calm down, but it was never even attempted in this case.

**Claim Number 3:** *Without justification and the need to do so, used excessive and deadly force as described above which killed Joe Castillanos.*

17. Plaintiff incorporates by reference paragraphs 9 through 13 as if fully set forth herein. Plaintiff would show that Defendant's actions on the occasion in question were wrongful, malicious, and reckless in depriving the Defendants of their constitutional rights, as alleged more fully below.

18. Plaintiff would show that at all times material hereto, Defendants Nahuel Faiura, Todd Henson, and M. Macuga had a duty to avoid the infliction of unjustified bodily injury to Joe Castillanos, to protect his bodily integrity, and to not trample on his constitutional rights.

19. Plaintiff would show that Defendants Nahuel Faiura, Todd Henson, and M. Macuga failed to act as reasonable officers would have acted in the same or similar circumstances. That is, Defendants Nahuel Faiura, Todd Henson, and Michael Macuga without justification and the need to do so, used excessive and deadly force as described above which killed Joe Castillanos without legal

justification. Plaintiff never made any threatening gestures toward Defendants Nahuel Faiura, Todd Henson, and Michael Macuga and did not pose an immediate threat to the safety of Defendants Nahuel Faiura, Todd Henson, and Michael Macuga nor others.

20. Defendants Nahuel Faiura, Todd Henson, and Michael Macuga were not provoked when they fired multiple shots for no lawful or justifiable reason. The excessive and deadly force used by the Defendants was not reasonable, justified nor was it necessary under the circumstances.

21. Defendants Nahuel Faiura, Todd Henson, and Michael Macuga's actions were not objectively reasonable because they followed a procedure designed to inflict excessive and deadly force in restraining individuals in a non-life-threatening situation.

22. Plaintiff would show that Defendants Nahuel Faiura, Todd Henson, and Michael Macuga denied Joe Castillanos his right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

23. The force used by Defendants Nahuel Faiura, Todd Henson, and Michael Macuga was unnecessary, excessive, and unreasonable under the circumstances, as Joe Castillanos did not pose an immediate threat to the safety of Defendants Nahuel Faiura, Todd Henson, and Michael Macuga or others and the use of such excessive and deadly force was unnecessary at that time.

24. Defendants Nahuel Faiura, Todd Henson, and Michael Macuga embarked on a willful, malicious, reckless, and outrageous course of conduct that was intended to cause and, in fact, did cause Joe Castillanos to suffer extreme and severe physical pain, and his death.

25. As a result of these Constitutional violations, the unwarranted shooting and the death of Joe Castillanos, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

**Claim Number 4:** *Failure to Train and/or Implement and/or Supervise Proper Policies and Procedures (Defendant City of Houston and Houston Police Department)*

26. Plaintiff incorporates regarding paragraphs 9 – 13 as if fully set forth herein. Plaintiff would show that prior to May 25, 2020, the Houston Police Department knew or should have known that Defendants Nahuel Faiura, Todd Henson and M. Macuga exhibited a pattern of escalating encounters with the public.

27. Plaintiff would show that prior to May 25, 2020, the Houston Police Department knew or should have known that Plaintiff suffered from occasionally erratic psychological mental illness.

28. Plaintiff would show that the Houston Police Department requires its officers to take a 40-hour course called Crisis Intervention Training or a similar type training. This particular training helps officers handle mental health crises, de-escalation techniques, and how best to interact with someone in a state of psychosis.

29. Defendants Nahuel Faiura, Todd Henson and M. Macuga and other officers at the scene of the shooting incident were acting under the color of law and pursuant to customs, practices, and policies of the City of Houston and the HPD in regard to the use of deadly force as authorized and/or ratified by the Policymakers.

30. Joe Castillanos was deprived of rights and privileges secured to him by the United States Constitution and by other laws of the United States, by the City of Houston failing to provide proper training, adequately supervise, and/or discipline its officers in dealing with individuals such as Joe Castillanos, in violation of 42 U.S.C. §1983 and related provisions of federal law and in violation of - the above-cited constitutional provisions.

31. With respect to the claims which make the basis of this lawsuit, the City of San Antonio and the SAPD failed to adequately train its officers on how to deal with individuals in mental crisis, de-escalation, and alternatives to the use of deadly force. The failure to train its officers reflects a

deliberate indifference by the City of Houston, and the Houston Police Department to the rights of the City's inhabitants and is actionable under 42 U.S.C. § 1983.

32. With respect to the claims made the basis of this lawsuit, the City of Houston and the Houston Police Department failed to adequately implement policies on how to effectively deal with individuals in mental crisis, de-escalation, and alternatives to the use of deadly force. The failure to adequately implement policies reflects a deliberate indifference by the City of Houston, and the Houston Police Department to the rights of the City's inhabitants and is actionable under 42 U.S.C. § 1983.

33. The City of Houston, Texas ("City of Houston"), and the Houston Police Department's failure to adequately supervise Houston Police Officers in the implementation of an adequate policy on how to deal with individuals with mental health issues and alternatives to the use of deadly force reflects deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that officers would use excessive or deadly force on mentally ill citizens and made the violations of Joe Castillanos' constitutional rights, including his death, a reasonable probability.

34. Plaintiff would show that the Defendants' actions were the result of or within the scope of, wrongful and reckless customs, policies, practices, and/or procedures and a toxic police culture for which the City of Houston and the Houston Police Department knew or should have known but never provided the requisite and proper training.

35. On information and belief, Defendant the City of Houston and/or the Houston Police Department, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Joe Castillanos, failed to implement and/or enforce the policies, procedures; and practices necessary to provide constitutionally adequate protection and assistance to Joe Castillanos during his struggle to survive and implemented policies, procedures, and

practices which actually interfered with or prevented with or prevented Joe Castillanos from receiving the protection, assistance, and care he deserved.

36. For instance, the following conduct, policies, and customs, inter alia, by Defendants violated Joe Castillanos's constitutional rights:

  a. the City of Houston and Houston Police Department's failure to adequately train, supervise, or discipline its officers who commit a wrongful act or attempt to cover up a wrongful act of a fellow officer;

  b. the City of Houston and Houston Police Department failed to maintain an adequate policy on the proper use of deadly force and alternatives thereto;

  c. the City of Houston and Houston Police Department's inadequate training on how to deal with individuals with mental illness or special needs;

  d. Using deadly force against Joe Castillanos while he was walking away and threatening no one;

  e. Maintaining a culture of police corruption that allowed police officers to feel that they can act without impunity through a pattern or practice of failing to adequately discipline and expurgate officers who violate policies and procedures.

37. In addition, Defendants, City of Houston and/or the Houston Police Department, as applicable, failed and refused to implement customs, policies, practices, or procedures, and failed to train its personnel adequately on the appropriate policies, practices, or procedures regarding the proper use of deadly force. In so doing, Defendants, City of Houston and/or the Houston Police Department knew that it was acting against the clear dictates of current law and knew that as a direct consequence of their deliberate decisions, the very situation that occurred in all reasonable probability would occur.

38. The City of Houston and/or Houston Police Department's failure to properly train and discipline its officers was the proximate cause of the violations of the Plaintiffs' constitutional rights.

**Count Number 5:** *Intentional Infliction of Emotional Distress:  Bystander Injury*
*(All Defendants)*
*(Individually and in official capacity)*

39. Plaintiff incorporates by reference paragraphs 9 through 13 as if fully set out herein.

40. Plaintiff would show that she and her children were within the Defendant Officer's line of fire when they shot Joe Castillanos multiple times.

41. Joe Castillanos, Plaintiff's husband, suffered death from the multiple gunshot wounds. Plaintiff was traumatized and in shock and suffered direct personal injury in the form of mental anguish and severe emotional distress.

42. Plaintiff would further show that she suffered severe emotional distress and she continues to suffer from nightmares and continued distressing thoughts from the trauma inflicted by the individual Defendants and by the City of Houston, and the Houston Police Department.

43. As a direct and proximate result of the wrongful shooting and killing of her husband Joe Castillanos in their presence, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## PRAYER FOR RELIEF

Plaintiff seeks damages for each of the causes of action alleged in this case against each defendant, in their individual capacities, for each defendants intentional and purposeful intent to cause and deprive Plaintiff and Joe Castillanos of constitutional rights under the Due Process and Equal Protection of the Laws Clause, when each defendant acted under color of state law and/or employment, knowing that their acts and conduct was illegal, and deprived Joe Castillanos of the safeguards and protections guaranteed and secured under the U. S. Constitution.

Plaintiff further asks that the City of Houston and the Houston Police Department be held liable for failing to create a structure and mechanism to ensure that this would not happen.

Plaintiff asks that the Defendants be ordered to pay all costs associated with this claim and medical expenses; including but not necessarily limited to filing fees, attorney fees and expenses, future medical treatment and hospital costs, and surgeries; past, present, and future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that that following trial on the merits, judgment be rendered in favor of Plaintiff and against Each Defendant. Plaintiff also asks for any other relief that this court deems just and equitable under the law.

Respectfully Submitted

T.J. Solomon Law Group, PLLC

By: *Tanika J. Solomon*
Tanika J. Solomon
Texas Bar No. 24057713
Email: attorney@tjsololaw.com
2120 Welch Street
Houston, TX 77019
Tel. (713) 640-5956
Fax. (713) 640-5944
**ATTORNEY FOR PLAINTIFF**